**SVERDRUP CORPORATION, Plaintiff–Appellant,**

v.

**EDWARDSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 7, Edwardsville Board of Education, James Speciale, et al., Defendants–Appellees.**

**No. 96–3714.**

United States Court of Appeals, Seventh Circuit.

Argued April 17, 1997.

Decided Sept. 10, 1997.

Timothy R. Thornton, J. Roger Edgar (argued), Greensfelder,Hemker & Gale, St. Louis, MO, for Plaintiff–Appellant.

Jeffrey S. Hebrank (argued), J. Todd Hayes, Burroughs, Hepler, Broom, MacDonald & Hebrank, Edwardsville, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In this diversity case, Sverdrup Corporation appeals the district court's grant of a stay of the proceedings pending resolution of a parallel action in the Illinois state court. Because the district court granted the stay without an analysis of the abstention principles that govern the *Colorado River* doctrine, we reverse its judgment and remand the case for further proceedings.

I

BACKGROUND

A. *Facts*

Edwardsville Community Unit School District No. 7 ("Edwardsville") hired Sverdrup Corporation ("Sverdrup") to construct a new high school for the district.[1] A dispute arose between the parties to the construction contract with respect to Sverdrup's perfor-

---

1. Edwardsville School District is an Illinois public corporation acting by and through the Board of Education of Edwardsville Community School District No. 7. Its principal place of business is Edwardsville, Illinois. Sverdrup is a Missouri corporation with its principal place of business in St. Louis County, Missouri. There is therefore the requisite diversity in the case filed in federal court.

mance. The dispute focused on Lindley Renken, a licensed architect who was a full-time employee of Sverdrup and who was the construction manager ("CM") for the school project. According to Edwardsville, Mr. Renken negligently misrepresented cost estimate information concerning the project.

As a result of this dispute, on October 30, 1995, each party filed suit. Sverdrup commenced its action in the United States District Court for the Southern District of Illinois ("the federal case"); Edwardsville filed its case in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois ("the state case"). In the federal case, Sverdrup sought damages on three counts: breach of contract and failure to pay; breach of contract and wrongful termination; and quantum meruit. In the state case, Edwardsville alleged breach of contract and negligent misrepresentation against Sverdrup and brought a separate claim for negligent misrepresentation against the project architect/construction manager Lindley Renken. Mr. Renken, also a defendant in the state action, was an Illinois resident and thus had the same citizenship as Edwardsville.

Sverdrup subsequently removed the state suit to federal court. In order to demonstrate the requisite diversity of citizenship, Sverdrup alleged that Mr. Renken was fraudulently joined to defeat diversity jurisdiction. Sverdrup contended in its removal petition that Edwardsville's claim against Mr. Renken sought only economic damages for his alleged negligent misrepresentation. Because there can be no recovery under Illinois law against an architect for economic loss damages on account of an alleged negligent misrepresentation, *see 2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* 136 Ill.2d 302, 144 Ill.Dec. 227, 229, 555 N.E.2d 346, 348 (1990), Sverdrup contended that Edwardsville could not state a claim against architect Renken under Illinois law. For that reason, asserted Sverdrup, Mr. Renken's Illinois citizenship must be ignored for the purpose of determining diversity, and the case may be removed to federal court. Edwardsville responded, in its motion to remand to state court, that Mr.

Renken was properly joined and that there was no diversity between the parties. Consequently, Edwardsville asserted, the federal district court lacked jurisdiction. Edwardsville therefore filed a motion to remand the state case to state court and to stay or dismiss the federal case.

### B. *Order of the District Court*

The district court ruled on both of Edwardsville's motions at the same time. It found that the federal and the state actions involved the same factual issues and core parties. In the court's view, one issue was key to determining both of the matters before it: whether Edwardsville had a viable cause of action against Mr. Renken for negligent misrepresentation. Critical to that determination, the court believed, was resolution of the question whether Mr. Renken was an architect or a construction manager.

The district court then concluded that Mr. Renken was, under this contract, a construction manager with responsibilities that were broader than architectural input, such as supplying cost estimate information to Edwardsville. R.21 at 5. As a result, Mr. Renken was not protected by *2314 Lincoln Park West Condominium Association,* 144 Ill.Dec. at 229, 555 N.E.2d at 348, which barred damage suits against architects for architectural malpractice. Therefore, the court reasoned, Sverdrup did not meet its burden of proving fraudulent joinder. Because the non-diverse defendant destroyed the requisite diversity of citizenship, the court held that it was without subject matter jurisdiction over the removed state case. The court therefore granted Edwardsville's motion to remand the state case.

Without further explanation, the court further stayed the federal case pending resolution of the remanded state court action. Sverdrup now appeals the district court's entry of this stay of the federal case.

## II

## DISCUSSION

### A.

We review a district court's ruling on a motion to stay proceedings pending

completion of a parallel state case for an abuse of discretion.[2] *Chrysler Credit Corp. v. Marino,* 63 F.3d 574, 578 (7th Cir.1995); *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 701 (7th Cir. 1992).

■ The general principles that govern the district court's decision to grant or deny a stay pending the completion of parallel state litigation are well established in the jurisprudence of the Supreme Court and of this court. We shall not attempt an encyclopedic description of that corpus of law here. Instead, we shall set forth the principles that are pertinent to the resolution of the matter before us.

In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court took, as the starting point of its analysis, the general proposition that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress. 424 U.S. at 817, 96 S.Ct. at 1246. "Only the clearest of justifications" warrants abstention in favor of a concurrent state proceeding. *Id.* at 819, 96 S.Ct. at 1247. However, there are judicially created exceptions to federal jurisdiction; a district court can abstain from the assumption of jurisdiction over a suit in "exceptional circumstances." *Id.* at 818–20, 96 S.Ct. at 1246–48. To determine whether the interest in the conservation of judicial resources and the comprehensive disposition of litigation should outweigh the obligation to exercise jurisdiction, the Court articulated four factors for a district court's consideration: the difficulties posed when a state and federal court assume jurisdiction over the same *res*; the relative inconvenience of the federal forum; the need to avoid piecemeal litigation; and the order in which the state and federal proceedings were filed. *Id.* at 818, 96 S.Ct. at 1246–47.

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court applied the *Colorado River* "exceptional circumstances" test to the stay of a federal suit to compel arbitration. A parallel action on the underlying dispute was pending in state court. The Court again began its analysis with the same basic premise: " 'Abdication of the obligation to decide cases can be justified . . . only in the exceptional circumstance where the order to the parties to repair to the State court would clearly serve an important countervailing interest.' " 460 U.S. at 14, 103 S.Ct. at 936 (quoting *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244). In *Moses H. Cone* the Court identified two other factors for determining the existence of "exceptional circumstances": whether state or federal law provides the rule of decision, and whether the state action protects the federal plaintiffs' rights. 460 U.S. at 23, 26, 103 S.Ct. at 941, 942. Notably, the Court warned that, although the appropriateness of a stay of federal proceedings is determined by an evaluation of these factors, district courts ought not regard them as a mere checklist. Instead, the court must undertake a careful balancing of the pertinent considerations. Particular weight must be given to the presence of a federal question in the case; that factor weighs heavily against abstention. Reiterating the exceptional nature of abstention, the Court stated: "[W]e emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Id.* at 25–26, 103 S.Ct. at 942.

■ This circuit has recognized consistently that the primary duty of the district court is to exercise the jurisdiction vested in it by

2. We have jurisdiction over this ruling. A district court's order to stay a federal case pending the completion of a parallel state court action is an appealable order under 28 U.S.C. § 1291. *Quackenbush v. Allstate Ins. Co.,* — U.S. —, —, 116 S.Ct. 1712, 1719, 135 L.Ed.2d 1 (1996); *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.,* 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983) (holding that a stay order based on abstention on *Colorado River* grounds "is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court").

law; "the presumption is against abstention." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 430 (7th Cir.1993); *see also In re Chicago, Milwaukee, St. Paul & Pacific R.R.*, 6 F.3d 1184, 1189 (7th Cir.1993); *Illinois Bell Tel. Co. v. Illinois Commerce Comm'n,* 740 F.2d 566, 569 (7th Cir.1984). Our circuit's case law also recognizes that the determination of "exceptional" circumstances is made by reference to the factors identified in the Supreme Court cases. We have applied consistently the factors articulated in *Colorado River* and *Moses H. Cone.* We have included, as well, two additional factors presented in other Supreme Court cases: the relative progress of the state and federal proceedings, noted in *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 570, 103 S.Ct. 3201, 3215, 77 L.Ed.2d 837 (1983), and the presence or absence of concurrent jurisdiction, noted in *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978). See *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir.1985). We also have recommended the consideration of two factors weighed by earlier decisions of this circuit: the availability of removal and the vexatious or contrived nature of the federal claim. *Id.* at 694–95. These latter factors are simply a refinement of the more generalized factors found in the Supreme Court cases. Consequently, our case law requires that the district court consider ten factors in its abstention determination.[3] Notably, we treat as paramount the overriding rule that abstention is the exception: "[A] federal court cannot lightly abjure its responsibility to assert jurisdiction, at least when the alternative is relegating the federal plaintiff to his remedies in state court." *Id.* at 694.

B.

 As we noted at the outset, our review of a district court's decision to stay a federal action pending the conclusion of parallel litigation in state court is one that we review for an abuse of discretion. Nor do we require a rote application of the ten factors without any tailoring to the facts and circumstances of the individual case. We are obligated, however, to require that the record demonstrate that the district court's decision was the product of a careful weighing of the factors pertinent to the case at hand. Deferential review is not the equivalent of no review at all[4] and, if we are to fulfill our responsibilities, the district court's disposition must "address the *Colorado River* factors in a way that allows this court to review it." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 77 (2d Cir.1996).

 In the case before us, the primary focus of the district court was the motion to remand. The district court never discussed the *Colorado River* factors and articulated no reason for its decision to stay the pending federal suit. Like our colleagues in the Second Circuit in *Burnett*, we cannot discern from the record any consideration of the factors that the Supreme Court's decision in *Colorado River* and it progeny require the district court to consider.

We cannot say, moreover, that the record before us makes obvious the path of decision followed by the district court. This litigation does involve exclusively state law issues. However, we have noted on at least two occasions that this factor, standing alone, is not sufficient "to tip a balance heavily weighted in favor of the exercise of federal jurisdiction." *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1158 (7th Cir.1990). As our present Chief Judge put it fifteen years ago:

> [I]t is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy—in having two active lawsuits instead of one. That will always be possible when there is a parallel state suit pending.... But until

---

**3.** *See, e.g., Selmon v. Portsmouth Drive Condominium Ass'n*, 89 F.3d 406, 410 (7th Cir.1996); *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 683, 136 L.Ed.2d 608 (1997); *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556 (7th Cir.1989); *Day v. Union Mines, Inc.*, 862 F.2d 652 (7th Cir.1988); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285 (7th Cir.1988).

**4.** *See In re Scheri*, 51 F.3d 71, 75 (7th Cir.1995); *Mars Steel Corp. v. Continental Bank*, 880 F.2d 928, 936 (7th Cir.1989) (en banc); *In re Ronco, Inc.*, 838 F.2d 212, 217–18 (7th Cir.1988).

Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-question case.

*Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir.1982).[5] Nor, as Edwardsville and Sverdrup appear to agree, is it obvious, on this record, that all parties, including Mr. Renken, could not participate in the federal litigation. *See HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1197 (3d Cir.1996) (discussing the use of supplemental jurisdiction under 28 U.S.C. § 1367 to resolve counterclaims involving non-diverse third-party defendants); *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156 (3d Cir.1995) (same); *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236–38 (3d Cir.), *cert. denied*, 513 U.S. 915, 115 S.Ct. 291, 130 L.Ed.2d 206 (1994).

### CONCLUSION

Because the district court did not follow the methodology required by the Supreme Court of the United States in determining whether to stay its proceedings pending the termination of parallel state court proceedings, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

5. *A.G. Edwards & Sons, Inc. v. Public Building Commission*, 921 F.2d 118 (7th Cir.1990), is not to the contrary. In that case, the court upheld the district court's decision to dismiss the federal case without prejudice. That suit sought a declaratory judgment that a challenged lease arrangement constituted neither a bribe nor a kickback under Illinois law. A state lawsuit, filed two days later, sought damages. The district court determined that the state court action was the better course for the dispute to take. We held that the district court had not abused its discretion in taking the course it did. We did not consider in our review the *Colorado River* factors but, on the authority of *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), relied upon the district court's traditional discretion to abstain from rendering a declaratory judgment. The Supreme Court has now confirmed the approach taken by this court in *A.G. Edwards & Sons. See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (holding that the discretionary standard of *Brillhart* and not the "exceptional circumstances" standard of *Colorado River* applies to a district court's decision to stay a declaratory judgment action).