1ST AMERICAN METALS, INC., and David Castellanos, Plaintiffs–Appellants,

v.

Arnold G. GOUGH, et al., Defendants–Appellees.

No. 01–2843.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 2002.

Decided April 19, 2002.

Before COFFEY, KANNE and WILLIAMS, Circuit Judges.

### ORDER

David Castellanos and 1st American Metals, Inc., appeal from an order denying their motion to lift the stay of their federal lawsuit, which in all material respects duplicates an action the appellants are actively litigating in the Indiana state courts against the same defendants. Like the district court, we conclude that the abstention doctrine of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), provides the controlling authority, and because the appellants do not contend that the district court's application of *Colorado River* was improper or in error, or make any persuasive argument that the rationale for staying their federal action was later undercut by changed circumstances, we hold that the court did not abuse its discretion and affirm.

### I. FACTS

In 1999, First American Metals, Inc., and FAMAC, L.L.C., filed suit against Castellanos in Indiana state court. Castellanos counterclaimed and filed a third-party complaint on behalf of himself and a company he called "1st American Metals, Inc.," naming FAMAC (among others) as a defendant. The same day, Castellanos and 1st American filed a complaint in federal court that is identical (except as to the caption) to the third-party complaint filed in the state suit. The district court, recognizing the overlap of the claims and parties, stayed the federal suit under the *Colorado River* abstention doctrine on March 28, 2000.

Castellanos and 1st American appealed the stay order to this court, but while the appeal was pending (case no. 00–2120) the state court dismissed their third-party complaint with prejudice. This prompted the federal-court defendants to move the district court to dismiss the federal complaint on the basis of res judicata. The defendants also moved this court to stay case no. 00–2120, arguing that the appeal would be mooted if the district court granted their motion to dismiss. Castellanos and 1st American contested the motion to stay the appeal, explaining that they intended to appeal the state court's dismissal of their third-party complaint. But rather than stay case no. 00–2120, we dismissed the appeal as moot in an order issued on May 2, 2001. Meanwhile, Castellanos and 1st American proceeded with their state appeal, which apparently remains pending.

On May 9, 2001, the district court ruled on the federal-court defendants' pending motion to dismiss. Noting that Castellanos and 1st American had taken an appeal in the parallel state-court litigation, the district court refused to dismiss the complaint and instead continued the stay "until the appeal (and any transfer to the Indiana Supreme Court) is resolved."

On May 14, 2001, Castellanos and 1st American filed what they titled a "Motion to Dissolve Stay" and "Memorandum in Support of Motion to Dissolve Stay" in the district court. Despite their titles, however, these documents did not speak to the propriety of the stay: the motion merely recounted the procedural history of the state and federal litigation; the memorandum argued that the state court's dismissal would not necessarily have a res judicata effect on the federal suit. Neither document discussed the analysis the district court conducted in its order instituting the stay, cited or discussed cases or factors relevant to the abstention question, or alerted the district court to any changed circumstances that might warrant dissolution of the stay. The district court denied the motion for dissolution in a brief order dated June 4, 2001:

> Plaintiffs have now moved for the stay to be vacated, arguing that the portion of the state court suit parallel to the present litigation was dismissed without prejudice rather than being decided on the merits. Without considering that issue—that is, whether dismissal with prejudice is/is not equivalent to a decision on the merits—the court notes only that should plaintiffs' appeal in the underlying state court suit meet with success, the entire controversy will be decided in state court.

Castellanos and 1st American appeal from this order.

## II.  DISCUSSION

■    Under the *Colorado River* abstention doctrine, "a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992) (quoting *Colorado Riv-*

*er,* 424 U.S. at 818); *see also, e.g., Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.,* 180 F.3d 896, 898 (7th Cir.1999). Abstention-based stay orders are appealable "final decisions" for purposes of 28 U.S.C. § 1291. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712–13, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8–10, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7,* 125 F.3d 546, 549 n. 2 (7th Cir.1997). Because "[a]n order denying a motion to dissolve a stay is equivalent to an order granting a stay of litigation," we have held that such an order is likewise appealable. *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1286–87 (7th Cir. 1988). Our review of the district court's order is for abuse of discretion only. *See Starzenski v. City of Elkhart,* 87 F.3d 872, 878 (7th Cir.1996); *Caminiti & Iatarola, Ltd.,* 962 F.2d at 700; *Interstate Material Corp.,* 847 F.2d at 1286.

■    At the outset, we observe that Castellanos and 1st American have failed to develop any argument in their brief about the propriety of the original stay order. Thus, they have waived any contention on this point even if it could be construed as being within the scope of this appeal. *See, e.g., Duncan v. Wis. Dep't of Health and Family Servs.,* 166 F.3d 930, 934 (7th Cir. 1999) (even where notice of appeal is sufficient to place a particular ruling before the court of appeals, appellant may waive argument by failing to develop it in brief). Moreover, a reading of the trial court's March 2000 order staying the appellants' federal lawsuit reflects a careful analysis of all ten factors that we have identified as relevant to the abstention determination, and thus the court did not abuse its discretion in entering that order. *See, e.g., Sverdrup Corp.,* 125 F.3d at 549–50 (courts must consider: 1) difficulties posed when two courts assume jurisdiction over

the same *res*; 2) relative inconvenience of the federal forum; 3) need to avoid piece-meal litigation; 4) order in which the state and federal proceedings were filed; 5) whether state or federal law provides the rule of decision; 6) whether the state action protects the federal plaintiff's rights; 7) relative progress of the state and federal proceedings; 8) presence or absence of concurrent jurisdiction; 9) availability of removal; and 10) vexatious or contrived nature of federal claim); *Finova Capital Corp.*, 180 F.3d at 900 (entry of stay not abuse of discretion where court's decision was product of careful weighing of pertinent factors).

 Nor did the district court abuse its discretion in denying the appellants' motion to dissolve the stay. Courts may dissolve abstention-based stays if their expectations about the issues to be litigated in the parallel proceedings prove wrong, *see, e.g., Cruz v. Melecio*, 204 F.3d 14, 25 (1st Cir.2000); *Day v. Union Mines, Inc.*, 862 F.2d 652, 656 n. 1 (7th Cir.1988); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir.1986), but Castellanos and 1st American did not cite changed circumstances in their motion to dissolve the stay. Indeed, the only significant events in the state-court litigation appear to be the dismissal of the third-party complaint and subsequent appeal, and the district court's May 9 order—in which the court *continued* the stay—reflects that it was aware of both events *before* Castellanos and 1st American moved to dissolve the stay on May 14. Their motion offered no cogent reason for dissolving the stay, and nowhere in their brief to this court do they clearly explain how the progress of the parallel suit from the state trial court to the state appellate court undermines the rationale for staying the federal suit in the first place.

What the appellants do say in their brief is that the district court's stay of their federal lawsuit "remained in effect until the resolution of the case by the state trial court," but this position is simply untenable given the plain language of the court's May 9 order, which continued the stay "until the appeal (and any transfer to the Indiana Supreme Court) is resolved." The appellants also suggest that they should be permitted to proceed with their federal action because they did not receive a fair adjudication of their third-party complaint in the state trial court. But whether or not Castellanos and 1st American were victims of what they term "unorthodox proceedings" is precisely the question now before the Indiana appellate court, and as we have emphasized previously, we will not presume that the Indiana courts will fail to adjudicate fairly the cases that come before those courts. *See Lumen Constr., Inc.*, 780 F.2d at 697.

Accordingly, the order of the district court denying the appellants' motion to dissolve the stay is **AFFIRMED**.