WISCONSIN REALTORS ASSOCIATION, Wisconsin Education Association Council, Wisconsin Manufacturers and Commerce, Wisconsin Grocers Association, Wisconsin Builders Association, Wisconsin Broadcasters Association (Seventh Claim for Relief), Wisconsin Farm Bureau Federation, Realtors–Pac, Weac–Pac, WMC Issues Mobilization Council, Inc., all for themselves and their individual members including David L. Mays, Thomas A. Bindl and Tamara Schindler, Plaintiffs,

v.

Steven V. PONTO, chairperson of the Wisconsin State Elections Board; and each of its members, Daniel D. Blinka, David Halbrooks, Patrick J. Hodan, Brenda Lewison, John P. Savage, John C. Schober, Jeralyn Wendelberger and Kevin J. Kennedy, its executive director; Jack C. Voight, State Treasurer of Wisconsin; and Richard G. Chandler, secretary of the Wisconsin Department of Revenue, each in his or her official capacity, Defendants.

No. 02–C–424–C.

United States District Court,
W.D. Wisconsin.

Nov. 6, 2002.

**890**

Brady C. Williamson, La Follette, God-frey & Kahn, S.C., Madison, WI, Marilyn Mohrman–Gillis, Vice President-Policy & Legal Affair, Ass'n of Public Television Station, Washington, DC, Wilbur Hinton,

President & CEO: Nat. Ed. Telecomm. Organiz. of State Broadcasting Exec., Columbia, SC, for Plaintiffs.

William J. Mulligan, Davis & Kuelthau, S.C., Milwaukee, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983. Plaintiffs challenge as unconstitutional several provisions of Wisconsin's new campaign finance law. Presently before the court is defendants' motion to abstain or, alternatively, to stay these proceedings. The parties have also briefed plaintiffs' motion for judgment on the pleadings. However, because the parties have asked that defendants' abstention motion be decided on an expedited basis, this opinion addresses only the abstention issue. Plaintiffs' motion for judgment on the pleadings will be addressed in a separate opinion.

Defendants argue that this court should abstain from considering the merits of plaintiffs' claims for several reasons, but principally because of the existence of a parallel proceeding involving the new campaign finance law that is pending before the Supreme Court of Wisconsin. I conclude that a decision by this court on plaintiffs' constitutional challenge to Wisconsin's campaign finance law would not interfere with any ongoing state proceedings and that defendants have not shown the existence of other exceptional circumstances warranting abstention. In addition, I conclude that a declaratory judgment on plaintiffs' claims is not improper under the circumstances. Because there is no reason to deny plaintiffs the ability to litigate their claims in the forum of their choosing, defendants' motion to abstain will be denied.

For the sole purpose of deciding defendants' motion, I find from the pleadings and the parties' submissions that the facts are as follows.

## FACTS

On July 26, 2002, Governor Scott McCallum signed into law a state budget bill, 2001 Wis. Act 109, which contained a variety of amendments to Wisconsin's campaign finance law. The day the bill was signed, plaintiffs filed this lawsuit, challenging several of the new law's provisions as inconsistent with the First and Fourteenth Amendments to the United States Constitution.

In a non-statutory provision of the bill, the Wisconsin legislature

direct[ed] the attorney general to promptly commence an action seeking a declaratory judgment that [various provisions of the new campaign finance law] are constitutional. The legislature directs the attorney general to petition for leave to commence the action as an original action before the Wisconsin supreme court.

In accordance with this provision, on the same day that the amendments to Wisconsin's campaign finance law were signed into law and plaintiffs filed their constitutional challenge in this court to some of the new law's provisions, the Wisconsin attorney general filed a petition for leave to commence an original action in the state supreme court seeking a declaratory judgment on the constitutionality of the new law. (It is worth noting that the attorney general asked the supreme court to declare several of the new law's provisions *unconstitutional*, which would have the effect of invalidating the new campaign finance law in its entirety as a result of the legislature's decision to include a sweeping non-severability clause in the bill.) On September 10, 2002, defendants filed a motion to intervene in the state supreme

court action. Plaintiffs followed suit on September 18, 2002. On September 26, 2002, the court granted the motions to intervene. The court has yet to rule on the attorney general's petition for leave to file an original action in that court. In the event the petition is denied, the campaign finance law "directs the attorney general to commence the action in the circuit court for Dane County."

## OPINION

Defendants ask this court to abstain from considering plaintiffs' constitutional claims under the doctrines announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In addition, defendants ask the court to exercise its discretion under the Declaratory Judgment Act to refuse to entertain plaintiffs' request for declaratory relief.

### A. *Younger Abstention*

■ The United States Supreme Court has stated repeatedly that "the federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." *Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (citation omitted). Nevertheless, in *Younger,* the Supreme Court held that "absent extraordinary circumstances, federal courts must abstain from enjoining ongoing state criminal proceedings." *Trust & Investment Advisers, Inc. v. Hogsett,* 43 F.3d 290, 294 (7th Cir.1994). The *Younger* doctrine is grounded in considerations of both equity and comity, with the latter consideration constituting the more "vital" of the two. *Younger,* 401 U.S. at 43–44, 91 S.Ct. 746. For purposes of abstention analysis, "comity" is synonymous with federalism, or "a recognition of the fact that the entire country is made up of a Union of

separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44, 91 S.Ct. 746. In the years since its inception, the *Younger* doctrine has expanded significantly beyond the realm of state criminal proceedings. It now encompasses "various civil proceedings in state courts implicating important state interests" and even "certain state administrative proceedings that are judicial in nature." *Hogsett,* 43 F.3d at 294–95 (citations omitted). Generally, a three-part test dictates the outcome of *Younger* analysis. First, the state proceedings must be both ongoing and judicial, or at least judicial in nature, in order for abstention to be proper. Second, the proceedings must implicate important state interests. Finally, the state court proceedings must afford an adequate opportunity to raise constitutional challenges. *Id.* at 295; *Barichello v. McDonald,* 98 F.3d 948, 955 (7th Cir. 1996).

At first blush, defendants' motion appears to survive all three hurdles. As to the first *Younger* requirement, on the same day this case was filed, the Wisconsin attorney general filed a petition for leave to commence an original action in the Supreme Court of Wisconsin seeking a declaratory judgment on the new campaign finance law's constitutionality. All the parties to this case were subsequently allowed to intervene in the state court proceeding. Although the court has yet to decide whether to grant the petition for original jurisdiction, the legislature has directed the attorney general to commence the action in a state trial court if the petition is denied. Hence, the requirement for an ongoing state judicial proceeding appears to be satisfied. The second *Younger* requirement appears unproblematic because the proceedings in question implicate Wisconsin's important and legitimate interest in insuring the integrity of its political and election processes. *See* Wis. Stat. § 11.001(1) ("The legislature therefore finds that the state has a compelling interest in designing a system for fully disclosing contributions and disbursements made on behalf of every candidate for public office, and in placing reasonable limitations on such activities."); *Wisconsin Manufacturers & Commerce v. State of Wisconsin Elections Board,* 978 F.Supp. 1200, 1208–09 (W.D.Wis.1997). Finally, the third *Younger* requirement is satisfied. If the state supreme court grants the attorney general's petition, plaintiffs will be able to raise their constitutional challenges to the campaign finance law in that forum. Even if the petition is denied, the legislature has directed the attorney general to file a declaratory judgment action in the state trial court, where plaintiffs would be equally able to attack the law's constitutionality. *See Middlesex Ethics Comm. v. Garden State Bar Assoc.,* 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) ("Minimal respect for ... state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.").

However, defendants' apparent satisfaction of the three-part *Younger* test is deceiving. In a unanimous en banc opinion, the Court of Appeals for the Ninth Circuit noted recently that the three-part *Younger* test tends to lead unwary courts and litigants astray in assessing the merits of abstention motions. *Green v. City of Tucson,* 255 F.3d 1086, 1089 (9th Cir.2001). The court of appeals noted that such multi-factor tests "have not always captured all the relevant factors, and thus may have obscured rather than clarified the path to proper judicial decisionmaking." *Id.* This is because such tests are "prone to 'mechanical application that overlooks or underemphasizes the most important features of the inquiry.'" *Id.* (quoting

*Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1271 (7th Cir.1991)). Indeed, that is the case here. Despite the surface appeal of defendants' *Younger* analysis, their abstention argument is foreclosed by the Supreme Court's decision in *New Orleans Public Service, Inc. v. Council of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).

*New Orleans Public Service* involved a challenge to the New Orleans city council's refusal to approve a rate increase sought by a utility company to cover costs it had been ordered to pay by the Federal Energy Regulatory Commission to cover its share of a nuclear reactor construction project. The city council declined to grant the full increase because it determined that the utility company was negligent in failing to diversify its energy supply portfolio and to properly oversee the reactor project. In response, the company filed a petition for review of the council's order in Louisiana state court *and* a § 1983 suit seeking declaratory and injunctive relief in federal district court. The district court abstained, relying in part on *Younger,* because of the pending state court proceedings. The Court of Appeals for the Fifth Circuit affirmed. *Id.* at 353–58, 109 S.Ct. 2506.

In an opinion by Justice Scalia, the Supreme Court reversed. According to the Court, the key question was "whether the Louisiana court action is the type of proceeding to which *Younger* applies." *Id.* at 367, 109 S.Ct. 2506. The Court concluded it was not.

> Although our concern for comity and federalism has led us to expand the protection of *Younger* beyond state criminal prosecutions, to civil enforcement proceedings, and even to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding *reviewing legislative or executive action.* Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.

*Id.* at 367–68, 109 S.Ct. 2506 (citations omitted) (emphasis added). Because the city council's decision to deny the utility company the full rate increase it requested was "plainly legislative," *Younger* did not apply. *Id.* at 371, 109 S.Ct. 2506. "Viewed as it should be, as no more than a state-court challenge to completed legislative action, the Louisiana suit comes within none of the exceptions [to the exercise of federal jurisdiction] that *Younger* and later cases have established." *Id.* at 373, 109 S.Ct. 2506. This is true even when "the federal court's disposition of ... a case may well affect, or for practical purposes pre-empt, a future—or, as in the present circumstances, even a pending—state-court action." *Id.; Green,* 255 F.3d at 1094 (*Younger* not implicated "simply by the prospect that the federal court decision may, through claim or issue preclusion, influence the result in state court.").

The instant case is clearly controlled by *New Orleans Public Service.* Plaintiffs challenge several provisions of Wisconsin's new campaign finance law, which is the product of legislative action that was completed when the governor signed into law the state budget bill on July 26, 2002. Although the legislature directed the state attorney general to seek a declaratory judgment on the new law's constitutionality in state court, it would not be a fair characterization to say that any state court assessment of the law's constitutionality would be an extension of the legislative process. *See New Orleans Public Service,* 491 U.S. at 372, 109 S.Ct. 2506. Such review would be entirely judicial in nature,

and "there is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts." *Id.* at 373, 109 S.Ct. 2506; *see also* Laurence H. Tribe, *American Constitutional Law* § 3–30, at 588 (3d ed. 2000) ("For example, *Younger* does not bar a federal court from reviewing the facial constitutionality of a state statute, even if a state court is simultaneously considering an identical constitutional challenge."). Accordingly, it would be improper to abstain in deference to the petition for leave to commence an original action pending before the Supreme Court of Wisconsin. Moreover, abstention would be improper even if the petition is granted or if the attorney general files a suit in state trial court at some point in the future. *Green,* 255 F.3d at 1098 ("Since the possibility of duplicative litigation is a price of federalism, the prospect of such duplication, without more, does not constitute interference with state court proceedings justifying a federal court's dismissal of a case properly within its jurisdiction.").

Defendants rely heavily on this court's decision in *Wisconsin Manufacturers & Commerce,* 978 F.Supp. at 1203. In that case, which also involved Wisconsin's campaign finance laws, I concluded that abstention under *Younger* was proper. *Wisconsin Manufacturers & Commerce,* however, is clearly distinguishable. It involved ongoing state administrative proceedings and a subsequent civil enforcement action in which the state Elections Board sought forfeitures from two interest groups for their failure to comply with certain campaign finance registration and reporting requirements. *See, e.g., Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 627–28, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (applying *Younger* to state administrative proceedings). The interest groups responded by seeking injunctive relief in this court. I concluded that abstention

was warranted in order to avoid interference with a pending state forfeiture action that was an extension of state administrative proceedings begun well before the interest groups filed their federal suit. *Wisconsin Manufacturers & Commerce,* 978 F.Supp. at 1211; *Trainor v. Hernandez,* 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (*Younger* principles "are broad enough to apply to interference by a federal court with an ongoing civil enforcement action ... brought by the State in its sovereign capacity"). Here, by contrast, there is no ongoing administrative proceeding or enforcement action for this court to enjoin. Rather, this case is not "different in substance from a facial challenge to an allegedly unconstitutional statute or zoning ordinance—which we would assuredly not require to be brought in state courts." *New Orleans Public Service,* 491 U.S. at 372, 109 S.Ct. 2506. Accordingly, analogies to *Wisconsin Manufacturers & Commerce* are inapposite.

Because I conclude that a decision by this court on plaintiffs' constitutional challenge to Wisconsin's campaign finance law would not "interfere" with any ongoing state proceedings within the meaning of *Younger,* I will deny defendants' motion for abstention on the basis of that doctrine.

## B. *Colorado River Abstention*

In *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236, the Supreme Court considered the propriety of abstention in the interests of wise judicial administration because of the existence of parallel state court proceedings. The Court noted generally that, "as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* (citations omitted). Therefore, *Colora-*

*do River* abstention is proper only under "exceptional circumstances" and when supported by the "clearest of justifications." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "In assessing the propriety of abstention, [the] first task is to determine whether the federal and [state] proceedings are in fact parallel." *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir.1999). Assuming they are, the "next task is to balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure." *Id.* Factors to be considered include "the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums." *Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236 (citations omitted). In addition, "the presence of federal-law issues must always be a major consideration weighing against surrender" of federal jurisdiction, *Moses Cone*, 460 U.S. at 26, 103 S.Ct. 927, although courts should consider whether the federal claim is "vexatious or contrived." *Finova*, 180 F.3d at 898–99. These factors are not a "mechanical checklist." *Moses Cone*, 460 U.S. at 16, 103 S.Ct. 927. Instead, courts are to engage in a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

Defendants have not demonstrated that this case presents the exceptional circumstances necessary to justify a stay or dismissal under *Colorado River*. Even assuming that by itself a petition for leave to commence an original action in state supreme court constitutes a genuinely parallel proceeding, the balance of considerations does not weigh in defendants' favor. There is no indication that this court is an inconvenient forum for any party. In addition, although this suit was filed the same day as the attorney general's petition, the state supreme court has not yet decided whether to grant the petition and, therefore, has yet to exercise jurisdiction over any case involving the constitutional claims at issue here. Moreover, the parties in this case have engaged in limited discovery and have fully briefed plaintiffs' motion for judgment on the pleadings. *See id.* at 21, 103 S.Ct. 927 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). Finally, this case involves substantial federal questions arising under the First and Fourteenth Amendments to the United States Constitution that are neither vexatious nor contrived. Although state courts are undoubtedly competent to decide federal constitutional questions, the existence of concurrent jurisdiction does not weigh in favor of abstention, as might be the case if substantial state-law questions lay at the heart of the parallel proceedings. *Id.* at 26, 103 S.Ct. 927. Accordingly, I will decline to stay or dismiss this suit pursuant to *Colorado River*.

### C. Declaratory Judgment Act

■ Finally, I note also that defendants maintain that under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this court has discretion to determine "whether and when to entertain an action under the ... Act, even when the suit satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see also Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction."). This is true. However, defendants do not address the

fact that plaintiffs also seek injunctive relief in this suit. Moreover, a fully briefed motion for judgment on the pleadings is already pending before this court and neither the state supreme court nor any other state court has yet exercised jurisdiction over a case involving Wisconsin's new campaign finance law. Finally, this case presents significant questions arising under the federal Constitution, rather than state law. Under these circumstances, a decision on the merits of plaintiffs' request for a declaratory judgment will not amount to "gratuitous interference" with pending state court proceedings. *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173. I will decline to stay or dismiss plaintiffs' request for a declaratory judgment.

In summary, I conclude that a decision by this court on plaintiffs' constitutional challenge to Wisconsin's campaign finance law would not "interfere" with any ongoing state proceedings within the meaning of *Younger.* I conclude also that defendants have not shown the existence of exceptional circumstances warranting abstention under the doctrine announced in *Colorado River* or that a declaratory judgment on plaintiffs' claims is improper under the circumstances. Accordingly, defendants' motion to abstain from deciding plaintiffs' constitutional claims or, alternatively, to stay these proceedings will be denied.

## ORDER

IT IS ORDERED that defendants' motion to abstain or, alternatively, to stay these proceedings is DENIED.