**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **PEXCOR MANUFACTURING COMPANY, INC.,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Civil Action No. 11-2034 (RMC)** |
| **UPONOR AB,** *et al.,* | ) ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM OPINION**

Pexcor Manufacturing Company, Inc. ("Pexcor"), a Canadian company, filed suit against Uponor AB, a Swedish company, on November 16, 2011, seeking a declaratory judgment of non-infringement as to United States Patent No. 6,106,761 ("U.S. Patent"). *See* Compl. [Dkt. 1]; U.S. Patent, Compl. Ex. A. Uponor, the holder of the U.S. Patent, filed an omnibus answer, counter-claim, and third-party claim against Pexcor's affiliate Heatlink Group, Inc. *See* [Dkt. 7]. Uponor takes the position that Pexcor and Heatlink (collectively, "Pexcor"), have infringed its rights under the U.S. Patent. Along with its omnibus pleading, Uponor filed a motion to stay, Dkt. 8, arguing that the Court should stay this case pending resolution of litigation in the Federal Court of Canada regarding Canadian Patent No. 2,232,376, also held by Uponor ("Canadian Patent"). The Court extended the briefing schedule for the motion for the better part of a year based on the parties' representations that they expected to consummate a settlement, but those negotiations ultimately were fruitless.

In support of its motion to stay, Uponor contends that the Canadian Patent "contain[s] the same prior art and specifications and nearly identical claim terms." Uponor

Mem. Supp. Mot. Stay (Uponor Mem.) [Dkt. 8] at 4. According to Uponor, "Pexcor and [Uponor] are the principle [sic] parties in each lawsuit, both of which pertain to the same legal issues and technology . . . ." *Id.* In Uponor's view, a stay is appropriate because "[u]nlike this case . . . the parallel Canadian litigation has been proceeding since March of 2011, includes several necessary parties that this Court does not likely have jurisdiction over, and will likely be resolved within a year." *Id.* "Moreover, the Canadian action is located in a forum that is more convenient to the parties and closer to relevant physical evidence . . . ." *Id.*

Pexcor opposes the motion to stay, arguing that this Court must exercise its jurisdiction to adjudicate the parties' rights to the U.S. Patent, which, of course, the Canadian court cannot do. Mem. Opp. Mot. Stay [Dkt. 21] at 2. Pexcor also notes that the patents are not identical, there are additional parties in the Canadian action, and Canadian courts use different procedures in patent cases than United States courts. *Id.* at 3–14. Taken together, Pexcor asserts, these factors all weigh in favor of proceeding in both the United States and Canada simultaneously.

Inherent in the power of an Article III court to control its docket is the discretionary power to stay a case pending the outcome of foreign litigation. *See Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986). "Although federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress, in exceptional cases, a federal court should stay a suit and await the outcome of parallel [foreign] proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 379 F.3d 1120, 1138 (9th Cir. 2004) (Brunetti, J., dissenting) (quoting *Finova Capital Corp. v. Ryan Helicopters*, 180 F.3d 896, 898 (7th Cir.1999)), *reh'g en*

*banc*, 433 F.3d 1199 (9th Cir. 2006). Courts weighing a stay based on foreign litigation apply a multi-factor balancing test, considering: "the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." *LG Display Co. Ltd. v. Obayashi Seikou Co., Ltd.*, __ F. Supp. 2d __, Civ. No. 11-1637, 2013 WL 314760, at *4 (D.D.C. Jan. 28, 2013) (quoting *Royal & Sun Alliance Ins. Co. of Can. v. Century Intern. Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006)).

The Court has considered each of the enumerated factors and concludes that a stay is appropriate in this case. The two Canadian cases, *Uponor AB v. Heatlink Group Inc.*, No. T-496-11, filed March 24, 2011 in Toronto, and *Pexcor Manufacturing Company Inc. v. Uponor AB*, No. T-374-11, filed March 4, 2011 in Calgary, have been consolidated in No. T-496-11 in Toronto for proceedings before the Honorable Kevin Aalto, prothonotary. *See* Canadian Court Dockets, Mot. Stay Exs. G & H [Dkts. 8-7, 8-8]. Review of those dockets confirms that the Canadian litigation comprises at least all of the parties implicated here and is much further along than this case, which has remained dormant for months in hopes of settlement. Indeed, Pexcor recently served Uponor notice of its intent to seek summary judgment in that case. *See* Correspondence, Uponor Reply Ex. D [Dkt. 25-4]. Because the proposed schedule calls for the motion for summary judgment to be heard in June of this year, *see id.*, the stay of this case likely will be short.

The differences between the two cases do not require proceeding with this case at this time. Although Canadian patent law may be different from United States patent law, a decision in Canada about the parties' rights under a "nearly identical" patent likely will narrow

the issues and possibly will resolve this case.  At the very least, a decision in the Canadian matter likely will affect the parties' settlement positions.  Allowing that case to take its course is far preferable to embarking on complex, time-consuming, and costly litigation here.

The Court therefore exercises its discretionary authority to stay this case pending a decision in the Canadian litigation, consolidated cases numbers T-496-11 and T-374-11.  The parties will be directed to file joint status reports at six-month intervals.  A memorializing Order accompanies this Memorandum Opinion.


Date: February 4, 2013                          _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge