■ AMFESCO INDUSTRIES, INC., Appellant, v DAVID GREEN-BLATT et al., Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered November 28, 1990, which granted defendants' motion to dismiss the amended complaint, unanimously reversed, on the law and the facts, and the complaint is reinstated, with costs.

Plaintiff, the Official Secured Creditors' Committee of Amfesco Industries, Inc., instituted this action on behalf of the bankrupt corporation, seeking to compel defendants, the directors of the corporation, to account for their purported waste and mismanagement of corporate assets pursuant to Business Corporation Law § 720. The amended complaint alleged that in order to realize gains on insider sales of stock, defendants a) systematically falsified the corporation's books of account to conceal its losses and report fictitious profits b) furthered such false portrayal of the corporation by causing it to purchase costly new production facilities that they knew it could never use c) caused the corporation to incur debts which they knew it could never repay and d) deliberately failed to take any action to preserve the corporation's assets in the face of its known and mounting losses.

Defendants moved to dismiss the amended complaint for failure to state a cause of action, for lack of standing and for failure to plead corporate waste and mismanagement with sufficient particularity. Specifically, defendants maintained that the causes of action alleged in the complaint belonged to third party stockholders and creditors of the corporation, not to the corporation itself, which was not damaged by any actions of defendants. Moreover, they claimed that their actions were protected by the business judgment rule. The Supreme Court agreed and dismissed the complaint.

We agree with plaintiff that the Supreme Court erred in dismissing the amended complaint. On a motion to dismiss for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint liberally construed in plaintiff's favor (Barr v Wackman, 36 NY2d 371, 375).

Plaintiff alleged that Amfesco Industries, Inc., a corporation engaged in the manufacture of athletic and casual footwear, was controlled by the Greenblatt family for some ninety years and became a public corporation in 1971. While one-third of its stock was sold to public investors, the families of defendants David and Allan Greenblatt retained the remaining two-thirds in equal shares. In June of 1982, David Greenblatt acquired his brother's shares through a leveraged buyout

using the corporation's assets. After the corporation purchased Allan Greenblatt's stock for $12,720,000, David Greenblatt sought to refinance the corporation's debt by selling new shares to public investors. Plaintiff contended that after Allan Greenblatt resigned, leaving David in complete control of the company, David operated the company solely for his pecuniary advantage. He purportedly extracted kickbacks from commissioned salesmen and concealed a decline in the company's earnings which were caused by the lifting of embargo restrictions upon foreign competitors. In order to delay revealing the corporation's declining prospects until his own stock holdings could be liquidated, David Greenblatt and the other directors also purportedly portrayed the corporation as a growing and profitable enterprise while at the same time incurring additional liabilities for capital improvements which the company could never repay.

For three years following the leveraged buyout, the directors made public offerings of newly issued corporate stock to provide the corporation with the equity capital needed to refinance the leveraged buyout debt which also provided it with new capital to conceal operating losses. They also made secondary offerings of stock owned by David Greenblatt's family to enable them to sell those holdings before the corporation's losses became known. Despite the company's operating losses, defendants also invested more than $20,000,000 of the corporation's funds in useless new production facilities. Plaintiff further alleged that defendants continued to announce that the demand for the corporation's products was growing and that its profits were at record highs even though these claims were false. Defendants also publicized the corporation's plans to expand its production facilities to meet the increased demand. Defendants borrowed more than $37,000,000 from banks to continue the company's losing operation. In addition, plaintiff claimed that defendants falsified the corporation's books to conceal the actual decline of the business and to show purported profits.

Plaintiff maintained that defendants engaged in these fraudulent practices to conceal operating losses of $60,000,000 which could have been avoided, and that despite these losses, defendants falsely reported profits of over $25,000,000. Defendants were then alleged to have taken advantage of the inflated market value of the corporation's stock by selling their own shares. Plaintiff alleged that defendants caused the corporation to incur over $37,000,000 in bank debt which it could not repay and induced public investors to pay more than

$21,000,000 for corporate stock which was virtually worthless. At the same time, defendants allegedly gave themselves increased bonuses, salaries and other forms of compensation until 1985 when the corporation filed for bankruptcy.

Contrary to the conclusion reached by the Supreme Court, the amended complaint sufficiently stated, with the requisite particularity, a cause of action for waste and mismanagement. Defendants, as directors of the corporation, were entrusted with the duty of managing the property of the corporation in good faith, according to their best judgment and skill, and in the interest of the stockholders (see, Niles v New York Cent. & Hudson Riv. R. R. Co., 176 NY 119). Taking the allegations of the complaint as true, the actions of defendants demonstrated that they failed to discharge their duties as directors, thereby depriving the stockholders and the creditors of what was owed them (supra). Defendants' actions, as alleged in the complaint, clearly harmed the corporation, contrary to their assertions otherwise (see, Niles v New York Cent. & Hudson Riv. R. R. Co., supra). "When officers and directors abuse their position in order to gain personal profits, the effect may be to cast a cloud on the corporation's name, injure stockholder relations and undermine public regard for the corporation's securities" (Diamond v Oreamuno, 24 NY2d 494, 499). Although the corporation experienced reduced earnings, as did other footwear manufacturers at this time, absent defendants' fraud, plaintiff claimed that the corporation never would have incurred the crippling losses which eventually led to its bankruptcy.

The interests of the corporation were to have its resources applied to profitable operations and to incur only such debt as it could repay in order to safeguard its assets for the benefit of its stockholders. Plaintiff alleged that David Greenblatt acted in his own self-interest instead of that of the stockholders by using the assets of the corporation in the leveraged buyout to profit personally. In the amended complaint, plaintiff claimed that the corporation was forced into bankruptcy by the debt defendants unnecessarily imposed upon it and that it was only defendants who derived a benefit from the debt through their insider stock sales.

It has been held that "the fraudulent inflation of the assets of a going concern with the purpose and effect of disguising its insolvency so that it will continue in a losing business is a tortious and measurable wrong to the company. For an insolvent and losing business to remain in business in disregard and in illegal concealment of the fact of its insolvency and

that it has been losing money may well mean that the losses would be greater or that they are likely to be greater than if the business were terminated sooner." *(Kelly v Overseas Investors,* 24 AD2d 157, 163, *revd on other grounds* 18 NY2d 622.)

According to defendants, because the corporation obtained an infusion of capital at a time when its fortunes were declining, the corporation actually benefited from the misrepresentations that were made to the public and suffered no injury. However, this argument ignores the other allegations of plaintiff's complaint, i.e., that the books of the corporation were altered for fraudulent purposes and that false representations were made to the public and the corporation's lenders which damaged the corporation. These allegations, taken as true, are sufficient to withstand a motion to dismiss for failure to state a cause of action *(see, Bernstein v Crazy Eddie,* 702 F Supp 962, *order vacated in part sub nom. In re Crazy Eddie Sec. Litig.,* 714 F Supp, 1285).

Nor are the causes of action barred by the business judgment rule. Judicial inquiry into the actions of corporate directors which are taken in good faith in the exercise of honest judgment and the legitimate furtherance of corporate purposes is prohibited *(Auerbach v Bennett,* 47 NY2d 619; *Barr v Wackman, supra; Pollitz v Wabash R. R. Co.,* 207 NY 113). Nor does a cause of action lie where the complaint merely alleges that a course of action other than that pursued by a board of directors would have been more advantageous *(Kamin v American Express Co.,* 86 Misc 2d 809, *affd* 54 AD2d 654). However, where, as here, the complaint alleges that the corporate decisions of the directors lacked a legitimate business purpose or were tainted by a conflict of interest, bad faith or fraud, the business judgment rule may not be invoked to insulate the directors *(Auerbach v Bennett, supra; Barr v Wackman, supra).*

Defendants' contention that plaintiff lacked standing to sue for the alleged fraud because the cause of action belonged to the stockholders and creditors rather than to the corporation, is similarly without merit. Where directors of a corporation are alleged to have participated in a fraudulent scheme designed to injure the other stockholders or to have breached any of their other fiduciary duties, an action may be maintained by the corporation *(Niles v New York Cent. & Hudson Riv. R. R. Co., supra; Kelly v Overseas Investors, supra).* The complaint did not assert claims which were merely personal to the stockholders and creditors. Instead, plaintiff sought an accounting for the damages allegedly caused to the corpora-

tion by defendants' waste, mismanagement, self-dealing and other breaches of their fiduciary duties. The complaint further sought to hold the directors accountable to the corporation for gains realized by them from transactions in the company's stock as a result of their use of material inside information, a cause of action recognized by the Court of Appeals in *Diamond v Oreamuno (supra).*

In *Diamond v Oreamuno (supra,* at 498), the court also found that the failure to allege damages to the corporation in the complaint did not require dismissal, since damages have never been considered to be an essential requirement for a cause of action based on a breach of fiduciary duty. In the complaint in the instant case, plaintiff alleged that defendants, particularly David Greenblatt, profited from the insider sales and that this was a driving force behind Greenblatt's scheme. Business Corporation Law § 720 embraces common-law and statutory causes of action imposing liability on directors and covers every form of waste of assets and violation of duty whether as a result of intention, negligence, or predatory acquisition *(Rapoport v Schneider,* 29 NY2d 396, 400).

Defendants' objection to a determination upholding the complaint on the ground that such determination may subject them to duplicate liability on the same claims and damages since a class of shareholders have commenced an action against them based on the same frauds alleged in the amended complaint and other individual creditors have brought and settled their own claims for credit fraud, is without basis. The action commenced by the stockholders does not duplicate plaintiff's complaint since that suit was brought under anti-fraud provisions of the SEC for damages purportedly caused the stockholders, not the corporation. Nor were the claims asserted by the creditors identical to those asserted by the corporation. In any event, as the Court of Appeals stated in *Diamond v Oreamuno (supra,* at 504), we should not be deterred in formulating a State remedy, by defendants' claim of possible double liability.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Asch and Kassal, JJ.