# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-3891

MARILYN CLARK, on behalf of Sears,

*Plaintiff-Appellant,*

*v.*

ALAN LACY, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District District of Illinois, Eastern Division.
No. 02 C 7984—**John A. Nordberg**, *Judge.*

ARGUED APRIL 7, 2004—DECIDED JULY 19, 2004

Before FLAUM, *Chief Judge*, and DIANE P. WOOD and
WILLIAMS, *Circuit Judges.*

FLAUM, *Chief Judge.* In this case we are asked to con-
sider how the *Colorado River* abstention doctrine applies to
a derivative shareholder suit brought in federal court that
involves the same factual predicate, most of the same
defendants, and fundamentally the same legal issues as a
derivative shareholder suit brought by a different plaintiff
shareholder in New York state court. Pursuant to *Colorado
River*, the district court stayed this action in favor of the

state proceeding. For the reasons stated in this opinion, we conclude that the district court did not abuse its discretion in granting the stay.

## I. Background

In 2000, Sears, one of the largest retailers of merchandise and services in the world, expanded its existing credit business by issuing MasterCards to individuals holding credit accounts with Sears. Sears' credit operations had traditionally revolved around the "Sears Card," issued to Sears customers for use in Sears stores. Faced with declining sales and an increasingly crowded retail market, Sears entered the MasterCard market to help increase revenue and earnings growth. After experiencing some initial success in the MasterCard market, in October 2002, Sears announced that its credit business was negatively impacting the company's financials. Following this announcement, Sears' stock price declined significantly.

A number of lawsuits ensued, including four derivative shareholder suits filed on Sears' behalf. The first, *Brewster v. Lacy, et al.*, 02/603873, was filed October 23, 2002, in the Supreme Court of the State of New York ("*Brewster*"). This matter, *Clark v. Lacy, et al.*, was filed on November 5, 2002, in the Northern District of Illinois ("*Clark*"). Additionally, two separate derivative suits were filed in the Circuit Court of Cook County. Both of those cases were consolidated before the same judge and have been stayed in favor of the New York litigation.

At issue in this appeal are the similarities between the *Brewster* and *Clark* actions. On behalf of Sears, the *Brewster* complaint alleges that certain officers and directors of Sears breached their fiduciary duties under New York state law in connection with Sears' decision to enter the competitive MasterCard market. The *Brewster* complaint seeks damages on behalf of Sears from Sears officers and/or directors. Also

premised on New York law, the *Clark* complaint alleges that officers and/or directors of Sears breached their fiduciary duties with respect to Sears' MasterCard operations and seeks damages and equitable relief on behalf of Sears. The *Clark* complaint names four defendants not named in the *Brewster* lawsuit and states three additional causes of action—abuse of control, gross mismanagement, and waste of corporate assets. The defendants moved to dismiss both *Brewster* and *Clark* for failure to make demand on the board of directors as required by New York law and because the claims are barred by Sears' charter. On June 23, 2004, the New York court issued its opinion dismissing *Brewster* on the grounds that the derivative plaintiff failed to make pre-suit demand on Sears' board of directors. The time for appeal is thirty days. *See* N.Y. C.P.L.R. § 5513(a).

Additionally, the *Clark* defendants filed a motion in the district court to stay this action pursuant to the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or in the alternative to dismiss. Based on a review of the parties' briefs and exhibits, the district court found that the differences between the *Brewster* and *Clark* actions were more superficial than substantive. Using the *Colorado River* factors, the district court determined that a stay was warranted in this case because it would promote judicial administration. On order of the district court, the *Clark* action is stayed until final disposition of the New York proceedings. Clark now appeals. For the reasons discussed in this opinion, we affirm the district court's order.

## II. Analysis

We review a district court's ruling on a motion to stay under the *Colorado River* doctrine for an abuse of discretion. *Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997). Under the

*Colorado River* abstention doctrine, a federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote "wise judicial administration." *Colorado River*, 424 U.S. at 818. While recognizing the availability of judicial abstention in "exceptional circumstances," the Court also cautioned that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Id.* at 817-18. Reiterating this admonition, the Court stated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 (1983): "[W]e emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." (emphasis in original). Given this clear command, "we treat as paramount the overriding rule that abstention is the exception." *Sverdrup*, 125 F.3d at 550. Indeed, "the mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings." *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989).

To determine whether a stay is appropriate in a particular case, a court must conduct a two-part analysis. First, the court must consider "whether the concurrent state and federal actions are actually parallel." *Id.* at 1559, *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988). Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of "exceptional circumstances." *See LaDuke*, 879 F.2d at 1559. These factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state

or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *See id.* (citing *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694-95 (7th Cir. 1985)).

A. Parallel Actions

Clark contends that the district court abused its discretion by finding that the *Brewster* and *Clark* actions are parallel. According to Clark, that finding was improper because the parties and the issues in this case are more numerous and diverse than in the *Brewster* action. Moreover, Clark argues that the relief sought in the two actions is different. The *Brewster* action seeks only monetary relief while the *Clark* action requests equitable relief in addition to money damages.

To meet the "parallel" requirement, suits need not be identical. *See Interstate Material Corp.*, 847 F.2d at 1288. Two suits are considered "'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* (quoting *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n.1 (7th Cir. 1979)). To be sufficiently similar it is not necessary that there be "formal symmetry between the two actions." *Lumen*, 780 F.2d at 695. Rather, there should be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.*

After reviewing the two complaints, we agree with the district court that no meaningful distinction can be made between the *Clark* and *Brewster* lawsuits. First and foremost, although some of the names appearing on the two

complaints are different, the parties' interests in the disputes are nearly identical. Parties with "nearly identical" interests are considered "substantially the same" for *Colorado River* purposes. *See Caminiti & Iatorola v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-01 (7thc Cir. 1992) (finding an estate and a business to be substantially the same parties in disputes involving legal fees owed by the business where the estate owned one-fourth of the business). As *Brewster* and *Clark* are derivative shareholder suits, Sears is the true party in interest in both cases. As such, we consider only Sears' interests, not the individual interests of the plaintiffs who brought the actions on Sears' behalf. Clark has not presented us with any reason why Sears' own interests would diverge in these two lawsuits.

Nor does the presence of the four additional defendants in *Clark* render these lawsuits non-parallel. The addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings. *See Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990) (finding cases parallel where plaintiff named additional defendants in state action). Again, the requirement is that the parties be *substantially* the same— not completely identical. When we focus on the parties' litigation interests in these two lawsuits, it is clear that the addition of these four defendants has little impact on the overall similarity of the disputes. As with the other defendants, the four additional defendants have been sued collectively in their capacity as Sears officers and no individualized allegations have been made against any of them. Their inclusion in the federal proceeding does not alter the case's central issue (the same one presented by the *Brewster* action), i.e., whether Sears officers and/or directors breached their fiduciary duties to Sears in connection with Sears' entry into the MasterCard market.

Clark's argument relating to the additional claims presented in her complaint is equally unavailing. Each "addi-

tional" claim (abuse of control, gross mismanagement, and waste of corporate assets) is premised on the defendants' alleged breach of their fiduciary duties. *Cf. Amfesco Industries, Inc. v. Greenblat*, 568 N.Y.S.2d 593, 596-97 (N.Y. App. Div. 1991) (categorizing claims of waste and mismanagement of corporate assets as breaches of fiduciary duty). Clark has not presented any authority that casts doubt on the likelihood that in resolving the fiduciary duty issue, the state litigation will dispose of all claims presented in this case. Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action.

The same is true for Clark's prayer for equitable relief. Even though an additional remedy is sought in the federal action, the liability issues (which are the central legal issues) remain the same in both cases. Moreover, the relief requested in this case *is* substantially similar to that requested in the *Brewster* action. Although Clark states in her complaint that "[p]laintiff on behalf of Sears has no adequate remedy at law," both complaints request jury trials and seek to recover damages from the individual defendants. While we are mindful that remedies need not be plead with specificity, Clark's vague request for equitable relief does not convince us that both lawsuits do not in the end seek substantially the same relief, i.e., damages.

Accordingly, the district court did not abuse its discretion in finding the *Brewster* and *Clark* actions parallel. We agree with the district court that the thrust of these lawsuits is the same—they rely on the same factual predicate to raise substantially similar legal issues against substantially similar parties. If we were to reach the opposite conclusion, future federal plaintiffs would have an incentive to tag on redundant and non-essential claims, parties, and remedies to create straw distinctions with an otherwise parallel state proceeding.

B.   Exceptional Circumstances

Of course, a conclusion that federal and state proceedings are parallel only begins the inquiry into whether a stay is appropriate under *Colorado River*. We must now review the district court's determination that abstention was warranted in this case under the 10-factor "exceptional circumstances" test. As we examine the district court's analysis, we are guided by the Supreme Court's instruction that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. "The weight to be given any one factor is determined solely by the circumstances of the particular case—there is no mechanical formula by which to determine when a stay is appropriate." *Schneider Nat'l Carriers*, 903 F.2d at 1157 (citing *Moses H. Cohn*, 460 U.S. at 16).

The district court found that a stay would eliminate piecemeal and duplicative litigation. We agree that this factor weighs in favor of a stay. As explained above, the claims in *Clark* and *Brewster* are all predicated on the same showing of a breach of fiduciary duty. Without staying the federal proceeding, the two actions would proceed simultaneously—duplicating the amount of judicial resources required to reach a resolution. If *Brewster* is reinstated, the two courts would oversee similar pre-trial motions and discovery matters and two different triers of fact would be asked to consider the same issues, evidence and witnesses. Our Court has held that this sort of redundancy counsels in favor of a stay. *See Caminiti*, 962 F.2d at 701 (concluding that where the same issues must be resolved in two cases, a stay would prevent duplicative and wasteful litigation). Not only would a stay save judicial resources, but it would also protect against the danger of the two proceedings reaching inconsistent results, especially in light of the recent dismissal of *Brewster* by the New York Supreme Court.

Next, we agree with the district court's determination that because both cases are governed by New York law, it is better to defer to the New York courts to consider the issues presented. "[A] state court's expertise in applying its own law favors a *Colorado River* stay." *Day v. Union Mines, Inc.*, 862 F.2d 652, 660 (7th Cir. 1988). In this case, it makes more sense to allow a New York state court to resolve whether under New York law pre-suit demand was excused and whether a claim for breach of fiduciary duty has been stated against the defendants.

As the district court also noted, the *Brewster* action was filed first, albeit by only a few weeks. At best, this factor is neutral, but it does not push us towards allowing the federal case to proceed. The district court also found that a stay was warranted because the "claims here can be adjudicated in New York, and the New York claims cannot be removed here." Clark does not dispute that the claims in this proceeding may be brought in New York state court. Not only does the availability of concurrent jurisdiction weigh in favor of a stay, so does the inability to remove the New York action to federal court. *See Day*, 862 F.2d at 659-60 (there is a "policy against hearing a federal claim which is related to ongoing non-removable state proceedings").

The district court found the remaining factors to be neutral. Of these factors, Clark most vigorously contests the district court's determination with respect to the relative convenience of the federal forum. To support her argument that the federal forum is more convenient, Clark points out that ten of the fifteen defendants live in this district and that many of the relevant documents and witnesses are located at Sears' Illinois headquarters. While this may be true, the district court's finding was not improper. The *Brewster* action will continue in New York regardless of whether the *Clark* action is stayed in Illinois. Moreover, the thrust of Clark's argument regarding convenience of the Illinois forum (as well as her arguments relating to other

factors) is that the district court assigned this factor insufficient weight in the its analysis. However, a disagreement over weight assigned to a factor by the district court does not necessarily amount to an abuse of discretion. Given the flexible nature of the ten-factor balancing test, we are reluctant to tinker with the district court's assignment of weight to any particular factor.

The remaining factors can be disposed of summarily. No persuasive arguments have been presented as to why any of them would counsel against a stay in this case. Clark does not dispute that two of them—jurisdiction over property and vexatious litigation—are indeed neutral. Moreover, there is no fear that Sears' rights will not be adequately protected in the state proceeding as the same questions of law and fact are presented as in the federal case and the state court can resolve these questions just as effectively. Lastly, as the motion to dismiss has been fully briefed, argued, and decided in *Brewster*, the progress of the state court proceeding is currently more advanced than that of the federal action.

Accordingly, since the state and federal proceedings at issue are parallel and a stay would promote wise judicial administration, we decline to hold that the district court abused its discretion in finding that the exceptional nature of this case justified a stay. The district court appropriately addressed the *Colorado River* factors, applying more significant analysis to those factors most relevant in this case. Moreover, a stay is a measured approach that protects the substantial rights of the parties and allows Clark the possibility of continuing this litigation once the *Brewster* action reaches a conclusion in New York.

### III.  Conclusion

We AFFIRM the district court's stay order.

No. 03-3891                                                   11

A true Copy:

     Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*