In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3254

MEANITH HUON,

*Plaintiff-Appellant,*

*v.*

JOHNSON & BELL, LTD., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 7877—**Blanche M. Manning**, *Judge.*

ARGUED JUNE 14, 2011—DECIDED SEPTEMBER 21, 2011

Before POSNER, ROVNER, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Meanith Huon is a lawyer rep-
resenting himself in this appeal. After he was fired from
his job as an associate at Johnson & Bell, he initiated
two lawsuits against the firm and three of its other at-
torneys. He filed his first action in state court, asserting
state-law claims of defamation and intentional infliction
of emotional distress resulting from allegedly damaging
annual performance evaluations. Huon's second suit

was filed in federal court after his state case had been dismissed and was pending on appeal. In his federal suit Huon brought claims under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 for discrimination on the basis of race and national origin, alleging that he was treated less favorably than white employees because he did not receive the same employment benefits, assignments, salary, or opportunity for probation before his discharge. Huon also threw in a supplemental state-law claim for tortious interference with a prospective economic advantage.

The district court issued a stay based on the abstention doctrine in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), reasoning that all of Huon's claims would be barred by *res judicata* once the judgment in the state case became final. Huon has appealed from that order, arguing that his two suits were not parallel and that the district court abused its discretion because no exceptional circumstances justified the stay. Although the district court was correct to suspect that there are problems with Huon's federal suit, it chose the wrong remedy for those problems. We have no choice but to vacate and remand for further proceedings.

## I

Huon lost his job at Johnson & Bell on January 9, 2008; shortly thereafter, he filed administrative charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission complaining of

race and national origin discrimination. Before those charges were resolved, Huon filed suit in Illinois state court against the firm and three of its attorneys on January 8, 2009 (the day before the one-year statute of limitations expired for one of his state-law claims). Huon alleged that the three attorneys defamed him when they made false statements about his work during an annual performance evaluation that later was shared with other partners. These statements included comments that Huon "requires a higher level of supervision," that someone of his "experience should be working more independently," and that he had "deadline problems" and was "incompetent." Huon also asserted that the attorneys' statements constituted intentional infliction of emotional distress and that Johnson & Bell, as their employer, was vicariously liable for their alleged misconduct. The defendants moved to dismiss for failure to state a claim and also requested that the court strike "designated immaterial matter" from Huon's complaint, namely, allegations that the attorneys rarely if ever gave Huon substantive work to do and the assertion that "Johnson & Bell discriminated against and terminated Huon on the basis of his race, national origin, and age." The defendants charged that these allegations were "irrelevant and ha[d] nothing to do with Huon's counts for defamation."

The state court granted the defendants' motion to dismiss in July 2009. It concluded that Huon's claims were defective because the allegedly defamatory statements, which the court did not find to be extreme or outrageous, were opinions protected by qualified or

absolute privilege. Huon appealed, and almost two years later that case apparently remains pending in the state appellate court.

On September 22, 2009, the EEOC issued Huon a right-to-sue letter, and he followed up on December 21 by filing the federal action now before us, while his state suit was pending on appeal. In his federal complaint, Huon asserted claims of discrimination based on race and national origin, as well as a state-law claim for tortious interference with a prospective business relationship. He named as defendants the firm of Johnson & Bell, firm president William Johnson, and two of the three attorneys from the state suit. The defendants again moved to dismiss both counts for failure to state a claim, this time arguing that Huon's complaint was long on conclusions and short on facts. Alternatively, the defendants moved to stay the state-law claim under the *Colorado River* abstention doctrine. The supplemental state claim, the defendants contended, is based on the same factual allegations (the unfavorable performance evaluation) as Huon's claims in state court and will be barred by *res judicata* if the state court's decision is affirmed on appeal.

Before Huon could respond to the defendants' motion, the district court *sua sponte* ordered supplemental briefing on "the applicability of the doctrines of claim splitting and res judicata to this action." The defendants responded by now insisting that all of the claims in Huon's federal and state lawsuits are based on the same transactions or events—the unfavorable evaluation

and subsequent termination—and that *res judicata* will bar Huon's entire federal suit once the defendants have a final (and favorable) state judgment in hand. See 28 U.S.C. § 1738. Noting that Huon included "general allegations of racial discrimination and bias" in his state complaint, the defendants argued that the suits are substantially similar. The defendants also pressed the district court to stay the federal suit under the *Colorado River* abstention doctrine. In his response Huon argued that the defendants should be estopped from drawing any conclusion from the allegations of discrimination in his state complaint because they had moved to strike those allegations as immaterial. There is no identity of claims between the two suits, Huon continued, because his federal suit "encompasses a broader scope of misconduct" including less favorable work assignments, discipline, promotions, salary, and work conditions, and thus (he thought) *res judicata* did not apply. Huon also pointed out that he had to file his state suit before the one-year statute of limitations ran on his defamation claim and, at that time, because he had not yet received his right-to-sue letter from the EEOC he could not file his discrimination claims in state court. Huon noted that a stay under *Colorado River* is justified only by extraordinary circumstances, which, he insisted, did not exist in this instance.

The district court decided to stay the federal suit until the state proceedings reached an end. Applying Illinois's test for *res judicata*, the court reasoned that Huon's state and federal claims all arise out of the "same core of operative facts." The court explained:

> [Huon] asserts in both proceedings that at all times
> he performed his job in a satisfactory manner. In
> his state proceedings, he asserts that because he
> performed satisfactorily, the defendants' perform-
> ance reviews in which they reported that he
> performed unsatisfactorily were defamatory and
> caused him emotional distress. In the instant pro-
> ceeding, he asserts that because he performed satis-
> factorily, his termination must have been the result
> of discrimination, and defendants' reports that he
> performed unsatisfactorily tortiously interfered
> with his expectation of continued employment. Be-
> cause the claims arise from the same core of opera-
> tive facts, an identity of causes of action exists.

Because of the lack of a final judgment on appeal in the state suit, however, the district court believed that *res judicata* could not yet bar Huon's federal suit. For that reason it turned to the *Colorado River* abstention doctrine. Citing three of the 10 factors relevant to whether exceptional circumstances warrant a stay, the court concluded that a stay was appropriate. The court provided a brief explanation for its decision, reasoning that allowing the federal case to proceed would result in piecemeal litigation, that the proceedings in state court were at an advanced stage, and that the state litigation had provided Huon an adequate forum to air his claims of discrimination and tortious interference even though he had chosen not to do so.

**II**

Generally speaking, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River*, 424 U.S. at 817. The *Colorado River* doctrine, however, creates a narrow exception to that rule, allowing federal courts in some exceptional cases to defer to a concurrent state-court case as a matter of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citation and quotation marks omitted). Nonetheless, the Supreme Court has emphasized that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction that Congress has given them. *Id.* The Court has cautioned that the task of the district court "is not to find some substantial reason for the *exercise* of federal jurisdiction" but instead "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). This court reviews a district court's decision to stay a case under the *Colorado River* doctrine for abuse of discretion. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). There is a presumption against abstention, *id.*; *AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003), and if there is any "substantial doubt" that the concurrent state proceeding will be "'an adequate vehicle for the complete and prompt resolution of the issues between the parties,'" a stay would be a "'serious abuse of discretion,'" *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d

510, 518 (7th Cir. 2001) (quoting *Moses H. Cone*, 460 U.S. at 28).

To determine whether a stay is appropriate, a district court must first evaluate whether the federal and state cases are parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). In other words, the court must ascertain whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)). The critical question is whether there is a "'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Adkins*, 644 F.3d at 499 (quoting *Clark*, 376 F.3d at 686). If the proceedings are not parallel, then the *Colorado River* doctrine does not apply and a stay is not proper. *AAR Int'l*, 250 F.3d at 518. If there is any doubt that cases are parallel, a district court should not abstain. *Id.* at 520.

Huon argues that the district court erred in concluding that his two suits are parallel. He points out that the named defendants are slightly different in each one and the discrimination claims were not litigated in state court. In response the defendants, applying the test for *res judicata*, argue that the same parties are involved because firm president Johnson, the only new defendant in the federal suit, is in privity with the defendant firm. The defendants also suggest that the cases involve the same claims because, they contend, Huon's federal discrimination claims arise out of the "same core of operative facts."

Huon has the better of this argument. Given the rigorous standards for this form of abstention, the district court's explanation for its findings is insufficient to support a stay. The court was probably misled by the defendants' emphasis on the test for *res judicata*, under which the central question is whether the federal and state claims arise from the same core of operative facts. *Colorado River* abstention, in contrast, focuses on the more practical question whether the state case is likely to dispose of the discrimination and tortious interference claims that Huon brought in federal court. Had the court marched through all of the considerations that inform a *Colorado River* decision, it is possible that this error might have been avoided. See *Colorado River*, 424 U.S. at 818-19; *Tyrer*, 456 F.3d at 754-55; *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592-93 (7th Cir. 2005); *AAR Int'l*, 250 F.3d at 521.

Moreover, even under the arguably more liberal analysis for claim preclusion, the district court's reasoning falls short. The court concluded that the two cases arise from the same facts because Huon alleges in both suits that he performed his job satisfactorily; thus, the common theme underlying all of his claims is that the defendants' defamatory statements or other adverse actions must be actionable. This explanation is a bit too telegraphic for us; we cannot see exactly what factual overlap the court found to exist between the two cases. The federal court was required to follow Illinois's law of claim preclusion, see 28 U.S.C. § 1738, and Illinois imposes three requirements for *res judicata* to apply: "(1) there was a final judgment on the merits rendered

by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 889 (Ill. 1998), citing *Downing v. Chicago Transit Auth.,* 642 N.E.2d 456 (Ill. 1994). *River Park* adopted a transactional approach to the second of these elements, under which "the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." 703 N.E.2d at 891 (internal quotation marks omitted). Huon essentially asserts that his claims do not arise out of a single group of operative facts. Although his claims for defamation and emotional distress center on the negative per-formance evaluation, his federal discrimination claims (he says) encompass a much broader scope of alleged misconduct over a longer period of time, including unfa-vorable treatment regarding assignments, promotions, disciplinary measures, salary, and work conditions. We do not know whether Illinois would find impermissible claim-splitting in this kind of situation, in which the first case appears to rest on a subset of the facts that support the second case. This question should be explored on remand.

Returning to the district court's actual rationale— *Colorado River*—we explain why this case is not a proper candidate for abstention. The first question, as we already have indicated, is whether the two suits are "parallel." One important factor is whether both cases would be resolved by examining largely the same evidence. *Fru-Con Constr. Corp. v. Controlled Air, Inc.,* 574

F.3d 527, 536 (8th Cir. 2009)*; Tyrer*, 456 F.3d at 752. Although all of Huon's claims relate to alleged mistreatment he suffered at work, the evidence necessary to establish defamation or emotional distress would be different from that required to prove discrimination. See *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 523-24 (2d Cir. 2001) (concluding that, for purposes of *Colorado River*, federal Title VII suit was not duplicative of state suit claiming intentional infliction of emotional distress due to evidentiary differences between claims). Huon's discrimination claims likely would require depositions from other employees, evidence of a broader scope of alleged misconduct, and a showing that he was treated differently than similarly situated employees. None of this would necessarily bear on his defamation claim. As the defendants originally suspected, it is unlikely that allegations of discrimination would come up in his state suit, despite Huon's passing references in his state complaint to discriminatory treatment. In its order dismissing Huon's state case for failure to state a claim, the state trial court did not mention any potentially discriminatory conduct or even respond to defendants' motion to strike those references.

Even assuming that Huon's suits are parallel, the district court also should have considered whether exceptional circumstances justified abstention. *Tyrer*, 456 F.3d at 751 (describing two-part inquiry required by *Colorado River*). As guidance, this court has identified 10 nonexclusive factors that a district court should carefully weigh in deciding whether to abstain. *Adkins*, 644 F.3d at 500-01. These factors include:

(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.* (quoting *Tyrer*, 456 F.3d at 754). Although no one factor is determinative, *Colorado River*, 424 U.S. at 818, the Supreme Court has cautioned that "the presence of federal-law issues must always be a major consideration weighing against surrender," *Moses H. Cone*, 460 U.S. at 26. Furthermore, because of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction. See *Woodford*, 239 F.3d at 522; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 739 (5th Cir. 1999).

Here, the district court's consideration of these factors was inadequate. After restating the test, the court addressed only the problem of piecemeal litigation, the advanced stage of the state litigation, and the adequacy of the state court as a forum for Huon's federal discrimination claims. But none of these factors was given more than a one-sentence explanation, and so even if the district court was correct that these factors weigh strongly in favor of abstention, the court failed to explain why they matter in this particular case.

Huon challenges each of the district court's reasons, arguing that an Illinois circuit court is not an adequate forum because it will not hear "independent actions for civil rights," that the state proceeding was not advanced because his suit was dismissed on the complaint, and that he was forced to split his claims because he had not yet received a right-to-sue letter when the statute of limitations on one of his state claims was about to expire. But Huon is wrong on all three counts. Illinois circuit courts have concurrent jurisdiction over claims arising under Title VII and § 1981. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990); *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980); *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 639 (7th Cir. 2004). The question whether the state litigation has reached an advanced stage turns not on the amount of discovery completed but on how far the state court has progressed toward a final resolution. *Moses H. Cone*, 460 U.S. at 21. And this court has held that, although the pendency of a state-court suit cannot alone justify abstention, that factor should be given more weight if the state case is already on appeal. *Hearne v. Bd. of Educ. of the City of Chicago*, 185 F.3d 770, 778 (7th Cir. 1999). Finally, the fact that Huon had not yet received his right-to-sue letter did not prevent him from including his federal discrimination claims in his state suit. Illinois permits litigants to file supplemental pleadings "setting up matters which arise after the original pleadings are filed," if the new material is added within a reasonable time and the court gives leave. See 735 ILCS 5/2-609; see also *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337,

339 (7th Cir. 1995) (explaining that plaintiff could have asked for stay in state court until right-to-sue letter was issued). Whether Huon was *required* to add the federal claims is another matter that has more to do with claim preclusion than abstention. See generally *Woodford*, 239 F.3d at 525 (concluding that plaintiffs were "plainly entitled" to bring Age Discrimination in Employment Act and Title VII claims in federal court even though they could have added these claims to pending state case).

Even if these three factors weigh in favor of abstention, however, we are still missing the necessary explanation from the district court's decision justifying the relinquishment of its jurisdiction. See *Tyrer*, 456 F.3d at 754-55 (noting that "what is required is a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise"); *AXA Corp. Solutions*, 347 F.3d at 278-79 (praising district court's careful consideration of all 10 factors and affirming denial of stay); *AAR Int'l*, 250 F.3d at 518 (noting that district court must "exercise its discretion under the standards prescribed by *Colorado River*" to avoid reversal); *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550 (7th Cir. 1997) ("We are obligated, however, to require that the record demonstrate that the district court's decision was the product of careful weighing of the factors pertinent to the case at hand."); *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 77 (2d Cir. 1996) (reversing district court's stay and noting that although court gave "lucid statement of practical and equitable considerations" it did not sufficiently address the

*Colorado River* factors). For example, the court's failure to address the other seven *Colorado River* factors led it to overlook the significant interest that federal courts have in Title VII and § 1981 discrimination claims. See *Woodford*, 239 F.3d at 525; *Murphy*, 168 F.3d at 739.

It appears that the real motivation behind the district court's decision was its guess that *res judicata* would eventually preclude all of Huon's claims in federal court. But this lay in the future; the court's anticipation of the outcome in the state appellate court was not enough to justify abstention. See *Woodford*, 239 F.3d at 525; *Murphy*, 168 at 739; *Burnett*, 99 F.3d at 75-77. Abstention requires more than the pendency of another lawsuit, because judicial economy will always be an issue when there is concurrent litigation. Knowing this, the Supreme Court nevertheless has admonished district judges not to stay or dismiss actions without strong justification to do so. *Colorado River*, 424 U.S. at 813. Given the high hurdles for abstaining in the face of an "unflagging obligation" to exercise the jurisdiction Congress has conferred, *id.* at 817, we must return this case to the district court for another look.

It may be that Huon eventually will face the possibility that his federal suit is barred by claim preclusion, if the dismissal of his state complaint is upheld on appeal. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-94 (2005); *Carr v. Tillery*, 591 F.3d 909, 916 (7th Cir. 2010); *Negrón-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 8 (1st Cir. 2008); *Bass v. Butler*, 258 F.3d 176, 178-79 (3d Cir. 2001). But when Huon chose to

initiate separate suits in state and federal courts, he accepted the risk that an unfavorable judgment in the case that finished first might preclude his litigation in the other forum. Although at first blush it may seem inefficient to allow both cases to proceed, the *Colorado River* doctrine focuses on a federal court's obligation to exercise its jurisdiction, see *Adkins*, 644 F.3d at 496, with preclusion doctrines operating as a backstop to ensure that the concurrent proceedings do not result in inconsistent judgments. See *Stewart v. Western Heritage Ins.*, 438 F.3d 488, 492 (5th Cir. 2006); *Gregory v. Daly*, 243 F.3d 687, 702 n.13 (2d Cir. 2001) (citing *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999); *Woodford*, 239 F.3d at 525 (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)). The *Colorado River* doctrine is not intended to give defendants the upper hand by stalling the federal case to wait for a favorable final judgment in the state proceeding that then can be used to bar the plaintiff's claims in federal court.

Huon's federal case has been languishing for almost two years on the assumption that the Illinois circuit court's judgment will someday be affirmed, but that outcome is far from certain. We therefore VACATE the district court's stay and REMAND this case for further proceedings consistent with this order.