[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10028
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cv-01266-GAP-GJK

DAVID ACOSTA,

                                                      Plaintiff-Appellant,

versus

JAMES A. GUSTINO, P.A.,
JAMES A. GUSTINO,
TAYLOR & CARLS, P.A.,
PAUL T. HINCKLEY,
ERIC F. WHYNOT,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 6, 2012)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

The Alaqua Property Owners Association ("Alaqua") engaged defendants Paul T. Hinckley, Eric F. Whynot, and Taylor & Carls, P.A. (the "Taylor Firm Defendants") to recover delinquent homeowner association maintenance assessments from David Acosta. The Taylor Firm Defendants first mailed Acosta a letter demanding payment of the assessments, interest, and other charges. But, the debt remained unpaid so the Taylor Firm Defendants sued Acosta on behalf of Alaqua in Florida state court to foreclose a lien on Acosta's property or recover a money judgment (the "State Action"). Alaqua later replaced the Taylor Firm Defendants with James A. Gustino and his law firm (the "Gustino Defendants") to litigate the State Action.

While the State Action was pending against him, Acosta filed this suit in the United States District Court for the Middle District of Florida. His amended complaint alleges that the Taylor Firm Defendants and Gustino Defendants violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204(1). The amended complaint asserts additional claims against the Gustino Defendants for violating the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e–1692g, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9). The Taylor Firm Defendants responded to the amended complaint by filing a Rule 12(b)(6) motion to dismiss the counts of the amended complaint asserted against

2

them.  In the alternative, the motion asked the court to stay the action pursuant to the *Colorado River* abstention doctrine pending the outcome of the State Action.  The Gustino Defendants also filed a Rule 12(b)(6) motion to dismiss, which adopted the arguments in the Taylor Firm Defendants' motion and asserted independent arguments for dismissal.

The district court granted the Taylor Firm Defendants' motion insofar as it sought dismissal pursuant to the *Colorado River* doctrine and dismissed the case without prejudice.  The court denied all other pending motions as moot.  Acosta appeals, challenging this order.  He presents only one issue that warrants our attention.  We must decide whether the federal and state proceedings are parallel for purposes of the *Colorado River* abstention doctrine.  Because we conclude they are not, we reverse.

"We review for abuse of discretion a district court's dismissal on *Colorado River* abstention grounds." *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir. 1998) (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990)).  "A district court abuses its discretion if it misapplies the law . . . ." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004) (citing *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 238 F.3d 1300, 1308 (11th Cir. 2001)).

First, we emphasize "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976) (citations omitted). "The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Ambrosia Coal & Constr. Co.*, 368 F.3d at 1331 (quoting *Colorado River*, 424 U.S. at 813, 96 S. Ct. at 1244). Furthermore, "*Colorado River* abstention is permissible in fewer circumstances than are the other abstention doctrines . . . ." *Id.*

A threshold requirement for application of the *Colorado River* doctrine is that the federal and state cases be sufficiently parallel. We ask whether the cases "involve substantially the same parties and substantially the same issues." *Id.* at 1330. If the federal and state proceedings are not parallel, then the *Colorado River* doctrine does not apply. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (citing *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)).

Acosta argues that the district court erred by applying the *Colorado River* doctrine because the State Action and his federal suit are not parallel. He asserts that the two actions involve different parties because the federal action is against Alaqua's attorneys, not Alaqua. And, he maintains that the two cases present different legal issues.

4

The district court decided that although the parties are not identical in the State Action and this one, they are substantially similar. The court acknowledged that Alaqua is not a party to the federal action and Alaqua's attorneys are not party to the State Action. Nonetheless, it found the parties in the two actions are substantially similar because the defendants in the federal action acted as agents for Alaqua in the state action. When considering the similarity of issues between the cases, the court said that the state court would decide whether Acosta's alleged debt to Alaqua could be lawfully collected. The district court thought it would decide whether the alleged inability to collect the debt "rendered the Defendants' collection efforts on behalf of Alaqua unlawful." (R.1-46 at 5.) According to the court, the enforceability of the debt underlies the claims in both actions. Like the district court, the defendants admit that the federal and state cases contain different claims, but they believe that the overarching issues are the same.

There is no clear test for deciding whether two cases contain substantially similar parties and issues. But, as we noted at the outset, the balance in these situations begins tilted heavily in favor of the exercise of the court's jurisdiction. Thus, if there is any substantial doubt about whether two cases are parallel the court should not abstain. *See Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (citing *AAR Int'l, Inc.*, 250 F.3d at 520). Furthermore, "the decision to invoke

*Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S. Ct. 927, 943 (1983).

Here, the district court's decision depends on its conclusion that if the State Action were decided against Acosta, he would have no viable claims in federal court. However, the key to the federal case is not only whether the debt was enforceable but also whether the Gustino Defendants' conduct when collecting that debt complied with the Fair Debt Collection Practices Act. This raises some doubt about whether resolution of the State Action would decide this case. Additionally, neither the district court nor the defendants have cited any cases to support the district court's conclusion that the parties are substantially similar when "the defendants [in the federal case] acted as agents for the plaintiff in the state case regarding all of the activities of which [the federal plaintiff] complains." (R.1-46 at 4.) This rule of substantial similarity based on agency could capture a variety of different entities and individuals and label them as "substantially similar parties." We question whether the notion of substantial similarity extends this broadly, and we are especially hesitant to understand the phrase this way in the context of a narrow abstention doctrine.

Given our doubt about whether the state and federal proceedings are parallel, we err on the side in favor of the exercise of the court's jurisdiction and reverse the

district court's order dismissing the action. We need not reach the other issues presented by the parties to this appeal.[1]

REVERSED AND REMANDED.

---

[1] As an independent basis for abstention, the defendants ask the court to apply the Brillhart/Wilton Abstention doctrine. The defendants did not raise this theory in the district court and we decline to consider it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).