In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2033

MEANITH HUON,

*Plaintiff-Appellant,*

*v.*

JOHNSON & BELL, LTD., *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09 C 7877 — **Amy J. St. Eve**, *Judge.*

ARGUED APRIL 29, 2014 — DECIDED MAY 16, 2014

Before BAUER, FLAUM, and KANNE, *Circuit Judges.*

PER CURIAM. This is the second appeal in a lawsuit that
Meanith Huon—a lawyer representing himself—filed against
his former employer Johnson & Bell, Ltd., and several of its
attorneys, for intentional discrimination based on race (Asian)
and national origin (Cambodian) in violation of Title VII of the
1964 Civil Rights Act, *see* 42 U.S.C. § 2000e-2(a), and 42 U.S.C.
§ 1981. After our earlier remand, *see Huon v. Johnson & Bell,
Ltd.*, 657 F.3d 641 (7th Cir. 2011), the district court granted the

defendants' motion for judgment on the pleadings, concluding that Huon's suit was barred by claim preclusion because it arose out of the same "series of connected transactions" as claims that he previously litigated in state court. We affirm.

After being fired in early 2008 from Johnson & Bell, where he had worked as an associate since late 2003, Huon sued the firm and three of its attorneys in state court for defamation and intentional infliction of emotional distress. Huon alleged that two attorneys—his supervisors—defamed him by falsely stating in his 2007 annual performance review that, among other things, he "requires a higher level of supervision" and "should be working more independently." According to his complaint, in his last two years at the firm, these supervisors deliberately assigned him paralegal and secretarial work "not commensurate with [his] years of work experience as an attorney" and a third attorney defamed him by stating to other shareholders during a meeting that he was "incompetent." Huon alleged that he was fired from Johnson & Bell because of defamatory statements made by the three attorneys. In his complaint, he also stated that the defendants had a discriminatory motive. The state trial court dismissed Huon's suit in July 2009 for failure to state a claim. Huon appealed the dismissal and, in his state appellate filings, repeatedly characterized the defendants' alleged defamatory statements as a pretext for firing him based on his race or national origin.

In late 2009, while his state suit was pending on appeal, Huon sued in federal court, asserting claims of discrimination under Title VII and § 1981, and a state-law claim of intentional interference with prospective economic advantage. The allegations in Huon's federal complaint relate to the entire four

years that he worked at the firm (December 2003 to January 2008). Huon alleged that Johnson & Bell, the firm's president, and the two supervisors named in his state suit treated him worse than they treated white associates with similar years of experience. As with his state complaint, the federal complaint included allegations related to his work assignments, performance evaluations, and discharge. Huon stated, for example, that he was fired because of his race and that, unlike white employees, "he did not receive an opportunity to be placed on probation and to challenge his discharge." He also asserted that he was assigned paralegal and secretarial work not commensurate with his years of experience and that he received worse annual performance evaluations than similarly performing white employees. He maintained that the defendants paid him less than they paid white employees and unfairly failed to promote him.

In 2010, the district court issued a stay based on the *Colorado River* abstention doctrine, reasoning "that allowing the federal case to proceed would result in piecemeal litigation." Huon appealed the stay order, which we vacated because abstention was unwarranted. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641 (7th Cir. 2011). We remanded with instructions to the district court to explore whether—given the dismissal of Huon's earlier suit in state court—Houn's claims in federal court were barred by Illinois's law of claim preclusion. *See id.* at 647.

After the case had been remanded to the district court, the defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on claim preclusion. Illinois's law of claim preclusion—which the district court

was required to follow, *see* 28 U.S.C. § 1738—imposes three requirements for claim preclusion to apply: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies," *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998); *see Huon*, 657 F.3d at 647.

The district court concluded that Huon's suit was barred by claim preclusion and entered judgment for the defendants. The parties agreed that there was a final state-court judgment on the merits, and the district court determined that there was an identity of parties because, although Johnson & Bell's president was not a defendant in the state proceedings, he was in privity with the firm for purposes of claim preclusion because of his position. There also was an identity of cause of action, the court continued, because the state and federal complaints arose "from the same core of operative facts"—the conditions of Huon's employment with Johnson & Bell (including subpar assignments and negative performance reviews) and his discharge. The court explained that Huon could have brought all of the claims in his state suit because the allegations in the two suits arose from a series of related transactions. And, the court concluded, there was no Illinois authority that would permit claim splitting simply because "the federal claims had a broader time period and additional unfavorable treatment than the state court claims."

On appeal Huon argues principally that there is no identity of claims between his two suits because the suits arise "out of different employment decisions made by different people at different times." He contends that his state suit was based on

the 2007 written performance evaluation and related employment decisions in 2006 and 2007, while his federal suit is based on a series of discriminatory actions by the defendants that took place over the four-plus years (late 2003 to early 2008) he worked at the firm.

Under Illinois's law of claim preclusion, different claims are "considered the same cause of action … if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 893. Thus, a final judgment bars "a plaintiff's claim to all or any part of a transaction or series of connected transactions from which the action arose." *Doe v. Gleicher*, 911 N.E.2d 532, 539 (Ill. App. Ct. 2009). Whether a set of facts constitutes a transaction or a series of connected transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park*, 703 N.E.2d at 893 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)) (internal quotation mark omitted).

The district court correctly applied this standard to conclude that the claims in Huon's federal suit mirror those in his state suit because they arose from the same series of connected transactions. First, several allegations are identical. In both complaints, for example, Huon alleges that he was assigned work not commensurate with his experience, that he received unfair negative evaluations, and that he was discharged without cause. Huon's federal complaint adds allegations relating to salary and promotions that were not mentioned in

his state complaint, but these additional allegations arise out of the same facts underlying the state suit—his job conditions at Johnson & Bell and his discharge. *See Cload ex rel. Cload v. West*, 767 N.E.2d 486, 491–92 (Ill. App. Ct. 2002). Moreover, Huon maintained in both suits that the defendants' conduct resulted from the same sort of discriminatory motives—intentional discrimination based on race and national origin. Further, to the extent Huon urges that claim preclusion cannot apply because the events underlying the two suits are not contemporaneous, the fact that some of the events "occurred at different times is not sufficient to find that they did not arise out of the same set of operative facts." *Lane v. Kalcheim*, 915 N.E.2d 93, 101 (Ill. App. Ct. 2009); *see Gleicher*, 911 N.E.2d at 540. The district court correctly concluded that the facts in the two complaints describe a series of connected transactions that form "a convenient trial unit," *Hayes v. City of Chicago*, 670 F.3d 810, 814 (7th Cir. 2012); *Cload*, 767 N.E.2d at 492, especially "[g]iven the transactional test's emphasis on pragmatism in determining whether a claim could have (and thus should have) been decided in a prior action," *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 531 (7th Cir. 2000).

Huon next contends that there is no identity of parties or their privies in the two suits, but this contention also is unpersuasive. "It is the identity of interest that controls in determining privity, not the nominal identity of the parties." *See Chi. Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1080 (7th Cir. 2011) (quoting *People ex rel. Burris v. Progressive Land Developers*, 602 N.E.2d 820, 826 (Ill. 1992)) (internal quotation marks omitted). As the district court noted, three of the defendants were named parties in both

suits, and the legal interests of the fourth defendant in the federal suit—the firm's president—coincide with those of the firm itself. *See id.*

Huon also maintains that claim preclusion cannot apply because the defendants thwarted his attempts to litigate his discrimination claims in state court by persuading the state judge that the claims were "not relevant" and thus he was not given a "full and fair opportunity" to litigate those claims. *See Dookeran v. Cnty. of Cook*, 719 F.3d 570, 576 (7th Cir. 2013). But the defendants could not have prevented Huon from litigating his discrimination claims in state court because he never attempted to litigate them; his state complaint did not include claims of discrimination, and he did not try to amend the complaint to include them. *See Huon*, 657 F.3d at 648. (Huon did allege in his state complaint that the defendants had a discriminatory *intent*, but he did so only in support of his claims of defamation and intentional infliction of emotional distress.) Thus his claims are barred because Illinois law "precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated." *Dookeran*, 719 F.3d at 576.

Huon next asserts that he could not have brought his federal civil-rights claims in state court because this practice had not been authorized until the Supreme Court of Illinois issued its ruling in *Blount v. Stroud*, 904 N.E.2d 1, 17–18 (Ill. 2009)—three weeks after he filed his complaint in state court. But we recently rejected this argument, noting that even before *Blount*, plaintiffs like Huon "were not barred from presenting their [federal civil-rights] claims to the Illinois circuit courts." *Dookeran*, 719 F.3d at 578. Moreover, Huon amended his state

complaint to include additional state-law claims in April 2009—three months after *Blount*'s issuance—and he likewise could have amended his complaint to include federal civil-rights claims.

Finally, Huon argues that the district court considered unspecified matters outside the pleadings and therefore should have converted the defendants' Rule 12(c) motion for a judgment on the pleadings to a motion for summary judgment. But the district court properly considered only matters of public record—the parties' filings as well as the rulings from the state proceeding. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013); *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012).

AFFIRMED.