**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| R. ABCARIAN; R. REYES; H. REYES, | No.    16-56765 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-07106-GHK-JPR |
| v. | |
| MELDON EDISES LEVINE; WILLIAM WATSON FUNDERBURK, Jr.; JILL BANKS BARAD; MICHAEL F. FLEMING; CHRISTINA E. NOONAN; DAVID H. WRIGHT; MARCIE L. JAMES-KIRBY EDWARDS; JOSEPH A. BRAJEVICH; ERIC GARCETTI; GILBERT CEDILLO; PAUL KREKORIAN; BOB BLUMENFIELD; DAVID E. RYU; PAUL KORETZ; NURY MARTINEZ; FELIPE FUENTES; MARQUEECE HARRIS-DAWSON; CURREN D. PRICE; HERB J. WESSON, Jr.; MIKE BONIN; MITCHELL ENGLANDER; MITCH O'FARRELL; JOSE HUIZAR; JOE BUSCAINO; MICHAEL NELSON FEUER; JAMES PATRICK CLARK; TWENTY UNKOWN NAMED DEFENDANTS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Central California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

George H. King, District Judge, Presiding

Argued and Submitted June 9, 2017
Pasadena, California

Before: LIPEZ,[**] BEA, and HURWITZ, Circuit Judges.

As the result of Proposition 26, approved by voters in 2010, the California constitution prohibits local governments from imposing taxes without first submitting them for approval through a popular vote. Cal. Const. art. XIII C, § 2. A "tax" is defined to include "any levy, charge, or exaction of any kind imposed by a local government," but not "[a] charge imposed for a specific government service" that "does not exceed the reasonable costs to the local government of providing the service." Cal. Const. art. XIII C, § 1(e). This putative class action by ratepayers of the Los Angeles Department of Water and Power ("DWP"), against various individual officials and employees of DWP and the City of Los Angeles (the "City") who manage or administer the DWP or its setting of electricity rates, alleges that DWP charges rates in excess of its costs and then transfers its excess revenue to the City's General Fund, in violation of the California constitution.

A consolidated class action previously filed in California state court also challenges DWP's rates and transfers. *See Eck v. City of Los Angeles* (LASC No.

---

[**]    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

2

BC577028).  The district court granted defendants' motion to stay this federal litigation under the *Colorado River* abstention doctrine, denied plaintiffs' motion to preliminarily enjoin defendants from charging rates above DWP's costs and from making future transfers to the General Fund, and denied plaintiffs' motion for a preliminary injunction staying the state court litigation.  We have jurisdiction over plaintiffs' appeal of the district court's decision staying the case as a final order under 28 U.S.C. § 1291, and over their appeal of the district court's denial of their motions for preliminary injunctions under 28 U.S.C. § 1292(a)(1).  We affirm.

1. The district court properly stayed the case under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Given the pending state court litigation addressing the same underlying state constitutional issue, staying the case promotes "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" because it provides an opportunity for the state court to rule on an important, and potentially dispositive, issue uniquely within its expertise.  *Id.* at 817 (alteration in original) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  Exact parallelism between the federal and state actions is not required for a *Colorado River* stay, and the two cases here are "substantially similar."  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *see also Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) ("Parties with 'nearly identical' interests are considered 'substantially the same'

3

for *Colorado River* purposes." (quoting *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700-01 (7th Cir. 1992))).[1]

2. The district court properly refused to enjoin defendants from charging existing power and water rates and from transferring DWP funds to the City's General Fund because plaintiffs failed to demonstrate that the balance of equities tipped in their favor or that an injunction would serve the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *DISH Network Corp. v. FCC*, 653 F.3d 771, 776 (9th Cir. 2011) (a plaintiff "must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter*").

3. The district court's refusal to enter an injunction staying the state court litigation in favor of this case was also proper. Plaintiffs have offered no coherent argument otherwise. *See, e.g., Aramark Facility Servs. v. Serv. Emps. Int'l Union, Local 1877, AFL CIO*, 530 F.3d 817, 824 n.2 (9th Cir. 2008) (arguments not adequately briefed are waived).

**AFFIRMED**.

---

[1] We were advised at oral argument of a possible settlement of the state action. The parties should advise the district court of any developments in the state action that may impact the status of this case.